1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL A. SMITH,
                Petitioner,

   vs.

SCOTT FRAUENHEIM,
                Respondent.

Case No. C 16-2287 JSW (PR)

**ORDER OF DISMISSAL**

Petitioner, a California prisoner at Pleasant Valley State Prison, filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He has paid the filing fee.

Petitioner claims that the conditions of his prison violate the Eighth Amendment because of overcrowding.  He contends that the overcrowding violates an order issued in the class action *Plata v. Schwarzenegger*, No. C 01-01351 TEH (N.D. Cal. filed 2001).  He seeks immediate release from prison.

In *Plata*, a three-judge court ordered the State of California to reduce the prison population to 137.5% of the prisons' design capacity within two years, which, absent compliance through other means, would require releasing some prisoners before their full sentences have been served.  *See Brown v. Plata*, 131 S. Ct. 1910, 1928 (2011).  The State appealed the order of the three-judge court and the Supreme Court affirmed the remedial order, directing the State to implement the order "without further delay."  *Id*. at 1947.

1   Petitioner alleges that the deadline set in *Plata* to reduce the prison population has passed

2   without compliance, and as a result he should be released from prison.

3        An individual suit for injunctive and equitable relief from allegedly unconstitutional

4   prison conditions may be dismissed when it duplicates an existing class action's allegations

5   and prayer for relief.  *See Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

6   "Individual members of the class and other prisoners may assert any equitable or

7   declaratory claims they have, but they must do so by urging further actions through the

8   class representative and attorney, including contempt proceedings, or by intervention in the

9   class action."  *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc)).

10  Petitioner must seek to enforce the *Plata* order through the class representative or attorney

11  in the *Plata* case, not in an individual action for habeas relief.

12       Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to

13  rule on whether a Petitioner is entitled to a certificate of appealability in the same order in

14  which the petition is decided.  No reasonable jurist would find this Court's dismissal of his

15  petition debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

16  Consequently, no certificate of appealability is warranted in this case.

17       The Clerk shall close the file and enter judgment.

18       **IT IS SO ORDERED.**

19  Dated: June 1, 2016

20

21

22  JEFFREY S. WHITE
    United States District Judge

23

24

25

26

27

28

2